FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 MAR -9 PM 1:24

U.S. DISTRICT COURT
N.D. OF ALABAMA

ROBERT H. BROWN, )
    Plaintiff; )
)
-vs.- )    No. CV-97-P-1099-S
)
NORFOLK SOUTHERN RAILWAY CO., )
    Defendants. )
)

ENTERED

Opinion

MAR 0 9 1998

Defendant's motion to dismiss plaintiff's claim under Code of Alabama section 25-5-11.1 was considered by the court at its motion docket on August 29, 1997. For the reasons stated below, defendant's motion is due to be GRANTED.

### Statement of Facts[1]

This action arises out of a dispute between Norfolk Southern Railway Company ("Norfolk") and its employee, Robert Brown ("Brown"), concerning a personal injury that Brown sustained during his employment with Norfolk.

Brown was employed by Norfolk as a machine operator near Goodwater, Alabama. On February 28, 1996, Brown and his foreman, Elliott Richardson ("Richardson"), were preparing to move a camp trailer from its location near Goodwater to Childersburg, Alabama. As Brown attempted to lift a 35-gallon garbage can to Richardson, who was standing in the bed of a company truck, Brown sustained a serious back injury.

Subsequently, Norfolk terminated Brown for alleged conduct unbecoming an employee.

---

    1. The recitation of "facts" is based upon the materials submitted viewed in the light most favorable to the Plaintiff.



Brown was terminated based upon Norfolk's determination that Brown had provided false and/or conflicting information as to whether the February 28, 1996 injury was work-related.

In May 1997 Brown filed this personal injury action in federal court, requesting relief pursuant to the provisions of the Federal Employers Liability Act ("FELA"), 45 U.S.C. section 51. Brown's complaint also included counts for wrongful discharge under both FELA and Code of Alabama section 25-5-11.1.[2] The present motion to dismiss relates only to Count III, Brown's claim for wrongful termination under Alabama law.

## Analysis

For more than 50 years, it has been well-established that damages for injury of a railroad employee engaged in interstate commerce are recoverable exclusively under FELA. *See Louisiana & Ark. Ry. Co. V. Pratt*, 142 F.2d 847, 848 (5th Cir. 1944) ("In all actions for personal injuries brought under the Federal Liability Act, the remedy given by that statute is exclusive, and all state laws are superseded in so far as they attempt to cover the same field."); *see also Janelle v. Seaboard Coast Line R.R.*, 524 F.2d 1259, 1261 (5th Cir. 1975) ("[D]amages for the . . . injury of a railroad employee engaged in interstate commerce, allegedly caused by the negligence of the railroad, are recoverable exclusively under FELA, and may not be recovered under state law").

Code of Alabama section 25-5-11.1 states:

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter . . . .

A limited exception to the general employment-at-will doctrine of Alabama, section 25-5-11.1 was

---

2. Count II of Brown's complaint, alleging wrongful termination under FELA, was dismissed at Brown's request by order of this court on September 3, 1997.

2

enacted by the state legislature in response to the Alabama Supreme Court's decision in *Meeks v. Opp Cotton Mills, Inc.*, 459 So. 2d 814 (Ala. 1984). The *Meeks* court had refused to create an exception to Alabama's employment-at-will doctrine for employees terminated as a result of filing claims for worker's compensation benefits. Although the state legislature's enactment of section 25-5-11.1 now provides such an exception, the Alabama Supreme Court has refused to extend the exception any farther than was intended by the legislature. *See White v. Midtown Restaurant Corp.*, 632 So. 2d 1330 (holding that a demotion was not a termination within the meaning of section 25-5-11.1).

In this case, Brown seeks to avail himself of both a remedy under FELA and a wrongful discharge claim under Alabama's workers' compensation scheme. This court concludes that, in light of the exclusive remedy provided under FELA, the clear language of section 25-5-11.1 precludes Brown from pursuing a claim under section 25-5-11.1. Section 25-5-11.1 provides a cause of action only where an employee is terminated in retaliation for attempting "to recover *workers' compensation benefits under this chapter.*" §25-5-11.1 (emphasis added). Because the scope of FELA entirely precludes Brown from seeking Alabama workers' compensation benefits, Brown is similarly precluded from seeking relief under section 25-5-11.1. Accordingly, Norfolk's motion to dismiss Count III of Brown's complaint is due to be GRANTED.

Dated: March 9, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Crawford S. McGivaren, Jr.
    Mr. Steve A. Tucker
    Mr. John M. Graham
    Mr. Harry B. Bailey III